McIlvaine, J.
The record before us does not show that the jury before whom the plaintiff in error was placed on *138 trial, at the October term, 1873, was “kept together so long that there was no probability of agreeing.” Criminal Code, sec. 165, 66 Ohio L. 312. Nor does it show that, before the jury was discharged, the court exercised ,its judgment on the question as to whether or not an agreement on a verdict was probable. It does show, however, that the jury were discharged before verdict, and without the consent of the accused, and that neither the court nor the judge thereof had knowledge or information of the condition of the jury, or the prospect of an agreement, at the time they were discharged.
Nor is it possible for this court, on the record before us, to say that there was any necessity for discharging the jury, oh the ground of their inability to agree, at the time they were discharged.
It is undoubtedly true, that a court, before which a criminal cause is being tried, may, without the consent of the prisoner, discharge the jury, after the cause is submitted and before verdict, without thereby exonerating the accused from the liability of being again put upon trial under .the same indictment, whenever a legal necessity for such discharge occurs; and it is also true, that inability on the part of the jury to agree upon a verdict creates such necessity.
In the case under consideration, it is not pretended that any reason existed for discharging the jury, Other than their failure to agree upon a verdict within eight hours after their retirement, and their declarations, made to the officer having them in charge, that they could not agree. Mere delay in agreeing upon a verdict, although the jurors, may think they can not agree, does not amount to such necessity as will justify their discharge. It is only when they have been kept so long together, that, under the circumstances, there remains no reasonable expectation, in the mind of the court, that they will be able to agree, that a legal necessity for their discharge arises; and until such necessity does exist in the case, it is the constitutional right of the accused to insist upon a verdict: and when this right *139 is disregarded, by a discharge of the jury without his consent, such discharge is equivalent to a verdict of acquittal-
Such is the rule of right; now as to the rule of practice. Where the record shows that a jury was duly impaneled and sworn to try a prisoner, upon a plea of “ not guilty ” to a good and sufficient indictment, and that the jury was-afterward, but before verdict, discharged without the consent of the defendant, it must also show the necessity for such discharge; otherwise, the defendant will be exonerated from liability to further answer to the indictment. -It was-said by this court, in the case of Dobbins v. The State, 14 Ohio St. 493, that “ to justify holding the accused'to a further trial, after such discharge, the record must show that an obstacle, which the law will recognize as a necessity, did in fact exist, that it engaged the attention of the court, and that the order was based thereon, and was the result of consideration and decision; but it need not show all the facts and circumstances which influenced the decision, unr less made part thereof, by bill of exceptions.”
It is said in argument that the above proposition was not necessary to the decision of the ease in which it was laid down. However that may be, it is pertinent to the case now under consideration, and we fully indorse the rule which it contains. We do this the more readily, as the legislature-has, since its announcement, embodied the substance of the rule in the criminal code. Section 165 provides: “ In case a jury shall be discharged, on account of sickness of a juror, or other accident or calamity requiring their discharge, or after they have been kept so long together that there is no-probability of agreeing, the court shall, upon directing the discharge, order that the reasons for such discharge shall be entered upon the journal.”
The general doctrine of this case has been heretofore discussed, by this court, with like conclusions, in Hurley v. The State, 6 Ohio, 400; Mounts v. The State, 14 Ohio, 295; and Poage v. The State, 3 Ohio St. 229.
In disposing of this case, we do not think it necessary (as counsel for the state supposed it would be), to lay down *140 -an inflexible rule for determining when a person, on trial for a crime, is first put in jeopardy within the meaning of the constitutional guaranty, that “ no person shall be twice put in jeopardy for the same offense.”
It appears to me that the question is one of law and fact, so mixed, that no inflexible rule can be laid down, that would not, in special cases, become manifestly absurd as well as unjust. I do not mean that the question is one to be determined, in each ease, at the discretion of the ■court. On the other hand, I have no doubt that, on any .given state of facts, the decision must be governed by known rules and fixed principles.
It can not be affirmed that such jeopardy always attaches as soon as a legal jury has been impaneled and ■.sworn to try a prisoner, upon an issue joined, upon a good indictment. Under such a rule, no person could be placed upon a second trial, however absolute the necessity may have been, which prevented a verdict upon the first trial. Nor •can it be affirmed that the prisoner is always put in jeopardy, in such case, upon the rendition of the verdict. Under this rule, if a verdict of guilty were set aside on the motion of the defendant, on theground of error intervening during the progress of the trial, he could not be again put upon trial. This would be contrary to all the decisions, many of which are based upon the ground that the defendant was not, in contemplation of law, in jeopardy at any time •during the first trial. Sutcliffe v. The State, 18 Ohio, 469; Beheimer v. The State, 20 Ohio St. 572.
Without undertaking, therefore, to lay down any rule, except so far as is necessary to dispose of this case, we are unanimous in the opinion that, the plaintiff in error was placed upon his second trial, in the court below, without authority of law, and that the judgment should therefore be reversed, the verdict set aside, and the plaintiff’ in error •discharged from custody.
Day, O. J., Welch, Stone, and White, JJ., concurring.